**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ERIC J. OLSEN,**                        ) | |
| )                                                     | |
|     Plaintiff,        ) | Case No. 08-cv-2249 |
| ) | |
| v.                                                   ) | JUDGE DARRAH |
| ) | |
| **KELLOGG COMPANY,**           ) | MAGISTRATE JUDGE DENLOW |
| a Delaware Corporation,             ) | |
| ) | |
|     Defendant.    ) | |
| ) | |

**DEFENDANT KELLOGG COMPANY'S
<u>ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

NOW COMES Defendant, Kellogg Company ("Kellogg" or "Defendant"), by and through its Counsel McGuireWoods LLP, for its Answer and Defenses to Plaintiff Eric Olsen's Complaint and states as follows:

    1.    Plaintiff, Eric J. Olsen ("Olsen"), is an individual who resides in Elk Grove Village, Illinois.

    **ANSWER:**    Kellogg lacks information sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint.

    2.    Defendant, Kellogg's, is a Delaware corporation, doing business in the state of Illinois.

    **ANSWER:**    Kellogg admits the allegations contained in Paragraph 2 of the Complaint.

    3.    Olsen began his employment with Kellogg's on or about January 6th, 2003, as a Customer Finance Analyst.

    **ANSWER:**    Kellogg admits the allegations contained in Paragraph 3 of the Complaint.

4. At all times relevant hereto, Kellogg's was subject to the Federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et. seq*.

**ANSWER:** Kellogg admits the allegations contained in Paragraph 4 of the Complaint.

5. During the course of his employment, agents or employees of Kellogg's, conditioned Olsen's continued employment upon working over forty hours per week without just compensation.

**ANSWER:** Kellogg denies the allegations contained in Paragraph 5 of the Complaint.

6. On or about March 1st, 2006, Olsen, after complaining to Kellogg's management, formally complained to the U.S. Department of Labor about not being properly compensated for overtime hours he worked and that he would work in the future as a condition of his continued employment by Kellogg's.

**ANSWER:** Kellogg lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7. Within approximately one month's time, Olsen, not having been the subject of company disciplinary action ever, was then subjected to what was to become a pattern of pretextual disciplinary actions, culminating in his being discharged on October 3rd, 2007, in retaliation for the assertion of his legal rights under the FLSA, and was engaged in by Kellogg's willfully, in full knowledge that its conduct violated the FLSA.

**ANSWER:** Kellogg denies the allegations contained in Paragraph 7 of the Complaint.

8. Kellogg's disciplining and discharging Olsen was intentional, wrongful, retaliatory, and in knowing clear violation of the public policy expressed in 29 U.S.C. §215(a)(3).

**ANSWER:** Kellogg denies the allegations contained in Paragraph 8 of the Complaint.

9. As direct and proximate results of Defendant Kellogg's intentional and wrongful retaliatory disciplinary actions and retaliatory discharge of Olsen, the Plaintiff has suffered the loss of wages he otherwise would have earned, lost fringe benefits he

otherwise would have been entitled to receive, and he has suffered and continues to suffer both monetary and emotional harm.

**ANSWER:** Kellogg denies the allegations contained in Paragraph 9 of the Complaint.

10. To the extent Kellogg has failed to specifically admit or deny any allegation contained in Plaintiff's Complaint, such allegation is hereby denied.

## DEFENSES

### FIRST DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

At all times, Kellogg acted in good faith toward Plaintiff and had legitimate, non-retaliatory reasons for any adverse actions.

### FOURTH DEFENSE

Any alleged violations were not willful for the purpose of calculating the statute of limitations or for assessing liquidated damages. At all times, Kellogg reasonably believed it was not violating the Fair Labor Standards Act.

### FIFTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of laches, waiver, estoppel, unclean hands, res judicata, collateral estoppel, judicial estoppel, mootness or the applicable limitations period.

**SIXTH DEFENSE**

Plaintiff has failed to mitigate his alleged damages.

**SEVENTH DEFENSE**

Plaintiff cannot establish the necessary malice or bad faith to seek compensatory or punitive damages. Further, Plaintiff's claim for punitive damages is barred by Kellogg's good faith efforts to comply with anti-retaliation laws.

**EIGHTH DEFENSE**

Plaintiff has failed to allege facts sufficient to support his claim for damages.

**NINTH DEFENSE**

The back wages and front pay sought by Plaintiff are speculative and cannot be proved by a just and reasonable inference.

**TENTH DEFENSE**

Even if Kellogg was motivated by unlawful considerations (it was not), it would have made the same decisions with respect to Plaintiff regardless of any unlawful considerations.

**ELEVENTH DEFENSE**

Kellogg reserves the right to assert any additional defenses which it may learn during the course of discovery.

WHEREFORE, Kellogg respectfully requests the following relief:

a. That Plaintiff's Complaint be dismissed with prejudice and that judgment be entered for Kellogg and against Plaintiff on all claims that were, or could have been, brought in his Complaint, as well as on all claims that could have been brought during the course of this litigation;

      b.      That Kellogg be granted all costs and attorneys' fees in connection with the defense of this action; and

      c.      That Kellogg be granted any other relief that the Court deems just and proper.

Dated: July 14, 2008

Respectfully Submitted,

**KELLOGG COMPANY**

*s/ Dionne R. Hayden*
Dionne R. Hayden
ARDC 6286361
MCGUIREWOODS LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
(312) 750-8930
(312) 698-4569 (Facsimile)

Curtis L. Mack (*pro hac vice* admission pending)
(Georgia Bar No. 463636)
Halima Horton (*pro hac vice* admission pending)
(Georgia Bar No. 367888)
MCGUIREWOODS LLP
The Proscenium
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30309-7649
(404) 443-5715
(404) 443-5765 (Facsimile)

## CERTIFICATE OF SERVICE

I, Dionne R. Hayden, an attorney, hereby certify that on this 14th day of July, 2008, I electronically filed the foregoing *Defendant Kellogg Company's Answer and Defenses to Plaintiff's Complaint* with the Clerk of Court using the ECF system. Notification of this filing will also be served on the following person through U.S. mail:

Philip W. Collins III, Esq.
Law Offices of Philip W. Collins III
940 E. Diehl Road, Suite 110-B
Naperville, IL 60563

                                               s/ Dionne R. Hayden

\6308440.3